In the Matter of the Claim of JOHN J. BELLOTTI, Respondent, against DOMINICK SALVIO et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of the Workmen's Compensation Board. The appellants contend that the claimant was not employed by, or working for, the employer at the time of the accident and that the accident did not arise out of and in the course of claimant's employment. The board found that the claimant was employed as a handy man in the employer's bar and restaurant and that he was injured in the course of his employment, while investigating a noise in the chicken coop in the rear of the restaurant. There is ample evidence to sustain the board's findings. Award and decision affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Halpern, JJ., concur. [See *post*, p. 929.]

In the Matter of the Claim of SAMUEL BERNSOHN, Appellant, against GEORGE FERGUSON Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from an award and decision of the Workmen's Compensation Board which reversed the decision of a referee that claimant was permanently and totally disabled, and reaffirmed a previous decision that claimant was only permanently partially disabled and entitled to a rate of $9.61 a week until a change of condition is found. Claimant was injured on November 17, 1917, as a result of which his right eye was enucleated. At the time he was twenty years of age and working as a grocery route salesman. He was given an award for the loss of an eye, classified as a permanent partial disability case, and further awarded the sum of $9.61 a week, which was approximately two thirds of his wages. Claimant's present contention is that he has been totally disabled since 1917, or at least since 1932; and also that the board erred in not considering his wage expectancy as a minor. On September 26, 1932, claimant, then an adult and represented by counsel, stipulated with the carrier for an award of compensation, based on permanent partial disability, of $9.61 a week. That stipulation has never been set aside and upon it the board entered a decision. We have no power to review any part of the claim prior to that decision. The sole issue remaining is whether there is substantial evidence to sustain the determination of the board that claimant has been partially disabled only since that date. At a hearing held on September 27, 1949, an eminent ophthalmologist testified for the claimant in great detail. If his testimony is accepted it is quite impossible to escape the conclusion that claimant's loss of vision was so great that he was totally disabled. This physician's testimony was subject to cross-examination. We find no substantial evidence in the record to contradict his conclusions and we think the board erred, as a matter of law, in apparently refusing to accept them. Award and decision reversed, on the law, with costs to appellant against respondents, and the matter remitted to the Workmen's Compensation Board for further consideration. Foster, P. J., Brewster, Bergan and Halpern, JJ., concur.